IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SYMPHONY DIAGNOSTIC<br>SERVICES NO. 1, LLC | | PLAINTIFF |
| v. | No. 4:18-cv-463-DPM | |
| RYAN KINGREY;*<br>CLEARVIEW DIGITAL<br>IMAGE, LLC; and DOES 1-10 | | DEFENDANTS |

ORDER

When Ryan Kingrey was employed by Symphony's predecessors, On-Site and Schryver, he used Mobile Intuition software, a platform for digital imaging services. Kingrey later began working for Clearview, Symphony's competitor in the mobile radiology business. Last year, a picture appeared on social media of Kingrey sitting next to a Clearview computer screen showing software that Symphony says closely resembles Mobile Intuition. Symphony claims that Kingrey, Clearview, and unnamed others copied Symphony's proprietary software without authorization for their own benefit. Kingrey and Clearview move to dismiss. The Court regrets its tardiness in ruling.

---

* The Court directs the Clerk to correct the spelling of Kingrey's name on the docket.

**Copyright Infringement.** Symphony filed a copyright application on 31 August 2018, a few days before filing its amended complaint. The U.S. Copyright Office approved its application on 5 September 2018, the day after Symphony amended its pleading. № 11. Symphony's copyright of Mobile Intuition was effective as of 31 August 2018. № 23-1 at 1. Even if its application hadn't yet been approved, a pending application would be sufficient to allow Symphony to bring its copyright infringement claim. As Defendants say, the authorities are divided, but those that favor allowing a claim in these circumstances are more persuasive. *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619–621 (9th Cir. 2010); *Etrailer Corporation v. Onyx Enterprises International Corporation*, 2017 WL 3021496 at *4 (E.D. Mo. 17 July 2017). Symphony has therefore pleaded sufficient facts for its infringement claim to survive.

**Computer Fraud and Abuse Act.** Symphony alleges that Kingrey violated the CFAA when he accessed Mobile Intuition software and later copied it. Symphony has sufficiently pleaded its claim that Kingrey exceeded his authorized access to its computers and that it has suffered resulting loss or damage. But Symphony hasn't pleaded with particularity its claim under 18 U.S.C. § 1030(a)(4) that Kingrey accessed its software with intent to defraud, as required under Federal Rule of Civil Procedure 9(b). The Court therefore dismisses the CFAA fraud claim without prejudice.

**Misappropriation of Trade Secrets**. Symphony maintains that its Mobile Intuition software is a "trade secret" within the meaning of the Defend Trade Secrets Act and the Arkansas Trade Secrets Act. The Court agrees. Symphony isn't required to plead specifics; the company need not tell its secret now. Symphony says that Mobile Intuition has value and that it has taken steps to secure it. The company's misappropriation claims are plausible.

**Civil Conspiracy**. A claim under the Arkansas Trade Secrets Act preempts tort claims. *R.K. Enterprise, LLC v. Pro-Comp Management, Inc.*, 356 Ark. 565, 574, 158 S.W.3d 685, 690 (2004). Because Symphony's ATSA claim survives, its ATSA-related civil conspiracy claim fails. What about Symphony's claim that Defendants conspired to violate the CFAA and DTSA, neither of which has preemptive force? Defendants say that, as an employee, Kingrey could not have conspired with his employer, Clearview. The Court agrees. Kingrey could have conspired with the Does, though. This claim therefore survives pending identification (or not) of the unnamed defendants.

**Breach of Contract**. As best the Court can tell at this point, Kingrey worked for On-Site for several years. When Schryver acquired On-Site, Kingrey and Schryver signed an employment contract. Symphony merged with Schryver after Kingrey resigned. As the survivor of the merger, Symphony became a third-party beneficiary of the employment contract. So Symphony can sue to enforce it.

* * *

Defendants' motion to dismiss, № 17, is partly granted and partly denied. Symphony's civil conspiracy claim about ATSA is dismissed without prejudice. Symphony's CFAA fraud claim is dismissed without prejudice, with leave to amend. Any second amended complaint pleading that claim with specificity is due by 8 February 2019. If the Does have been identified, please name them then, too. All Symphony's other claims survive.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall, Jr.
United States District Judge

*29 January 2019*